NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | NO. C 06-2222 JW |
| Plaintiff(s), | **ORDER OF DISMISSAL** |
| v. | |
| CORRECTIONAL OFFICER BRYANT, et al., | |
| Defendant(s). | |

Plaintiff initiated this civil rights suit on March 28, 2006. Pursuant to 28 U.S.C. section 1915A, the Court must now screen the complaint.

Plaintiff essentially alleges that Defendants took personal property, including a photograph and legal documents. Defendants' actions do not rise to the level of a constitutional violation. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized,. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds,

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222dismissal.wpd

Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[1] Therefore, Plaintiff's claim for deprivation of personal property is not cognizable under section 1983.

Accordingly, this action is DISMISSED with prejudice. The clerk shall terminate any pending motions.

Dated: May 8, 2006

JAMES WARE
United States District Judge

---

[1] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989).

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222dismissal.wpd   2

1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Jeffrey Lamont Taylor
D41759
D-2-125
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

**Dated: May 9, 2006**                                              **Richard W. Wieking, Clerk**

                                                                    **By:_/s/_____**
                                                                    **Melissa Peralta**
                                                                    **Courtroom Deputy**

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222dismissal.wpd