United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | NO. C 06-2222 JW |
| Plaintiff(s), | |
| v. | **ORDER DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS** |
| CORRECTIONAL OFFICER BRYANT, et al., | **(DOCKET NOS. 3 and 8)** |
| Defendant(s). | |

Plaintiff initiated this civil rights suit on March 28, 2006. Pursuant to 28 U.S.C. section 1915A, the Court screened the complaint, and determined that Plaintiff had failed to state a cognizable claim regarding the confiscation of his personal property, including legal documents. The Court dismissed the case with prejudice and issued judgment on May 9, 2006. Accordingly, Plaintiff's pending application to proceed in forma pauperis in this Court (docket no. 3) is DENIED as moot.

Plaintiff's application to proceed in forma pauperis on appeal (docket no. 8) is also DENIED.

Order Denying Applications to Proceed IFP on Appeal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222ifpappea.wpd

1 The Court finds that the appeal is frivolous and not taken in good faith.  First, as stated previously in
2 the Court's Order of Dismissal, neither the negligent nor intentional deprivation of property states a
3 due process claim under § 1983 if the deprivation was random and unauthorized.  See Parratt v.
4 Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit),
5 overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v.
6 Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of
7 an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it
8 provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990)
9 (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory
10 provision for post-deprivation hearing or common law tort remedy for erroneous deprivation
11 satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same).  California law
12 provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17
13 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

   Second, Plaintiff's allegation regarding the confiscation of his legal documents is insufficient to state a claim because Plaintiff fails to allege any actual injury resulting from the alleged confiscation.  See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

   Lastly, the Court notes that Plaintiff is a frequent litigant in this Court, and to date, has not prevailed in any of his cases.  See Taylor v. Salinas Valley State Prison et al., C03-2626 JW (failure to state a claim regarding, inter alia, access to prison library); Taylor v. Wolff et al., C05-71 JW (failure to state a claim regarding, inter alia, confiscated or stolen personal property); Taylor v. Tower et al., C05-2247 JW (duplicative lawsuit); Taylor v. Wilson et al., C05-3495 JW (failure to state a claim regarding, inter alia, confiscated or stolen personal property); Taylor v. Salinas Valley State Prison, C05-4112 JW (failure to state a claim regarding request for investigation into prison conditions).

Dated: June 16, 2006

/s/ James Ware
JAMES WARE
United States District Judge

Order Denying Applications to Proceed IFP on Appeal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222ifpappea.wpd2

Case 5:06-cv-02222-JW   Document 11   Filed 06/17/06   Page 3 of 3

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

2 Jeffrey Lamont Taylor
D41759
3 D-2-125
D-5-118
4 Salinas Valley State Prison
P. O. Box 1050
5 Soledad, Ca 93960-1060

7 **Dated: June 16__, 2006**                              **Richard W. Wieking, Clerk**

9 **By:/s/**_____
**Melissa Peralta**
**Courtroom Deputy**

28 Order Denying Applications to Proceed IFP on Appeal
P:\PRO-SE\SJ.Jw\CR.06\taylor2222ifpappea.wpd